UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOEY MARIE PETERSON, Petitioner, v. STATE OF WASHINGTON et al., Respondents. | CASE NO. 3:26-cv-06207-JHC-BAT ORDER |

This matter comes before the Court on Petitioner's Emergency Motion for Temporary Restraining Order, Dkt. # 3, filed with their Petition for Writ of Habeas Corpus, Dkt. # 1. Petitioner says that on October 6, 2026, they will be admitted to Western State Hospital (WSH) for inpatient treatment to attempt competency restoration. Dkt. # 3 at 1. Petitioner seeks to enjoin the admittance.[1] *See id*. The Court has reviewed the materials filed in support of the motion, the rest of the case file, and the governing law. Being fully advised, the Court DENIES the motion.

[1] Petitioner does not provide any information related to the underlying state action or say where, if at all, they are currently in custody. *See* Dkt. ## 1, 3. Based on the Petition and motion, the Court assumes the underlying state court action is a criminal proceeding; however, even if the upcoming commitment is resulting from another type of state court proceeding, the Court's ruling remains the same.

A temporary restraining order (TRO) is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction). A petitioner seeking a TRO must establish: (1) "that [they are] likely to succeed on the merits"; (2) "that [they are] likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in [their] favor"; and (4) "that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Alternatively, a petitioner who shows only that there are "serious questions going to the merits" can satisfy the *Winter* requirements by establishing that the "balance of hardships [] tips sharply towards [the petitioner]" and that the remaining two *Winter* factors are met. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011).

Petitioner has not shown a likelihood of success on the merits.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As stated, Petitioner provides almost no information related to the underlying state court proceeding, making it impossible to determine whether Petitioner is entitled to any relief. *See* Dkt. # 3. Petitioner very generally invokes the Fifth Amendment's Due Process Clause and 42 U.S.C. § 1983, and without more, these general assertions do not show that Petitioner is likely to succeed on the merits. *See* Dkt. # 3 at 1-2. Petitioner does more specifically say that the state

court judge improperly reinstated standby counsel and that the court clerk interfered with pro se filings. *See id.* The Court interprets this as invoking Petitioner's Sixth Amendment right to self-represent. *See Faretta v. California*, 422 U.S. 806 (1975). "A criminal defendant's right to represent [themself] is not absolute," and Petitioner provides no showing or even argument explaining why the reinstatement was improper. *United States v. Brugnara*, 856 F.3d 1198, 1212 (9th Cir. 2017). Petitioner also does not provide a showing that any court filing was improperly rejected. *See* Dkt. # 3. Thus, Petitioner has not shown that they are likely to succeed on the merits. Because Petitioner has failed on the first factor, the Court need not consider the other factors.

For these reasons, the Court DENIES Petitioner's emergency motion for temporary restraining order.[2] The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 6th day of October, 2026.

John H. Chun
United States District Judge

[2] Also, the record does not show that Petitioner notified Respondents of this motion. And it does not appear that Petitioner complied with the requirements for obtaining a TRO without notice. *See* Fed. R. Civ. P. 65(b)(1); LCR 65(b)(1). This is another basis for denying the motion.